**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricardo RIOS–PEREZ, Defendant— Appellant.**

**No. 08–50496.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2009.

Filed May 27, 2010.

Christopher Alexander, Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON, Senior District Judge.*

MEMORANDUM **

Ricardo Rios–Perez appeals the 57–month sentence he received for attempted

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reentry after deportation in violation of 8 U.S.C. § 1326, challenging both the categorization of his California attempted murder conviction as one for a crime of violence and the constitutionality of his sentence. We affirm.

We have rejected each of Rios–Perez's arguments that the offense of attempted murder under California law is not a crime of violence under the categorical approach of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). First, the "slight act" that California requires is equivalent to the "substantial step" in the generic version of attempt. *See United States v. Saavedra–Velazquez,* 578 F.3d 1103, 1110 (9th Cir.2009). Second, whether there are affirmative defenses is irrelevant to our analysis under the categorical approach. *See United States v. Velasquez–Bosque,* 601 F.3d 955, 963 (9th Cir.2010) ("The availability of an affirmative defense is not relevant to the categorical analysis.").

We have also rejected Rios–Perez's remaining arguments: that *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled or abrogated; and that 8 U.S.C. § 1326(b) is unconstitutional. *See, e.g., United States v. Gomez–Mendez,* 486 F.3d 599, 606 (9th Cir.2007).

**AFFIRMED.**